# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IVANTI, INC. and LANDESK SOFTWARE SINGAPORE PTE., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN SHEA, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO FILE UNDER SEAL <br><br> Case No. 2:18-cv-00092 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Brooke Wells |

Plaintiffs Ivanti, Inc. and LANDesk Software Singapore Pte., Ltd. (Ivanti) seek to file the following documents under seal that are exhibits to their Motion for Temporary Restraining Order:[1]

1. Redacted Portions of the Declaration of Simon Storey and Exhibit B thereto, filed under seal herewith as Exhibit A.
2. Redacted Portions of the Declaration of Steve Bemis and Exhibit A thereto, filed under seal herewith as Exhibit B.
3. Exhibits A, B, C, and E to the Declaration of Adam Jones, filed under seal herewith as Exhibit C.
4. Redacted portions of the Declaration of Carlton Hwee, filed under seal herewith as Exhibit D.[2]

In support Ivanti alleges these are "confidential trade secrets and internal communications that, if disclosed, could subject Ivanti to irreparable harm."[3] They include pricing structures for supply chains and the strategy behind such chains.[4]

The court has reviewed the proposed sealed exhibits and finds there is some information that need not be entirely sealed. For example, in the exhibits attached to the Declaration of

---

[1] Docket no. 4.

[2] Motion p. 2.

[3] *Id.*

[4] *See id.*

Adam Jones exhibit A contains portions of an email that need not be entirely sealed and exhibit C contains terms and conditions of an agreement that need not be entirely sealed. Rather than sealing the entire document such documents should be publicly filed with the trade secret portions redacted.

Under Rule 5-3 "The sealing of pleadings, motions, memoranda, exhibits, and other documents or portions thereof … is highly discouraged."[5] There has been a general trend toward over sealing matters such that information that should not be sealed gets brushed into a sealed document. "The records of the court are presumptively open to the public" and the court finds some of the proposed sealed documents in Ivanti's motion contain information that is not

> "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.[6]

Accordingly, the court DENIES WITHOUT PREJUDICE Ivanti's Motion to Seal. Once Ivanti further scrutinizes the information to be sealed a renewed motion may be filed.

IT IS SO ORDERED.


DATED this 20 February 2018.

Brooke C. Wells
United States Magistrate Judge

---

[5] DUCivR 5-3(1) (2017).

[6] Utah Code § 13-24-2(4).